Dear Mr. Pasqua:
You requested the opinion of this office concerning whether two or more political subdivisions may enter into a cooperative agreement to establish a local government investment pool to be administered by the State Treasurer. The funds in the pool would be segregated from state funds and the administrative expenses for operation of the pool would be paid out of the assets of the pool.
The Local Services Law is contained in R.S. 33:1321, et seq. and provides in R.S. 33:1324 as follows in pertinent part:
 "Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in . . . the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement . . ."
This statute authorizes political subdivisions to engage jointly in the exercise of any power, provided that at least one of the political subdivisions is authorized to exercise that power.
Political subdivisions are authorized and directed to invest any funds which are available for investment as set forth in R.S. 33:2955.
Article VII, Section 14(C) of the Louisiana Constitution authorizes the state and its political subdivisions, for a public purpose, to engage in cooperative endeavors with each other. Thus, the state, through the Treasurer's Office, and various political subdivisions may engage in a cooperative endeavor with each other for a public purpose, such as the pooled investment of monies, provided that the pooled monies may only be invested in those types of securities that are allowable investments for political subdivisions.
In City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., 439 So.2d 399 (La. 1983), the Louisiana Supreme Court held that a statute authorizing the creation of an association composed of governmental bodies for the purpose of reducing the danger of loss on account of public liability and workmen's compensation, was unconstitutional as it purported to impose solidary liability on local political subdivisions. The scheme was found to be an impermissible donation under ArticleVII, Section 14(A) of the Louisiana Constitution.
The pooled investment program can be distinguished from the Port Allen case provided that the participant political subdivisions are not liable for the losses of another political subdivision. It is therefore suggested that the gains and losses generated from the pooled investment program be pro-rated among the participants.
Furthermore, the monies of the political subdivisions, and any investment income generated thereon, must be kept separate from the monies in the state treasury, as monies within the state treasury can only be withdrawn by appropriation. Article III, Section 16(A) and Article VII, Section 10(D). The expenses of administering the pool can be borne from the assets of the pool.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: MARTHA S. HESS MSH:msh Assistant Attorney General